IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


SCOTT B. MAYBEE,                    :

       Plaintiff,            :
                         Case No. 3:09cv003

       vs.                 :
                        JUDGE WALTER HERBERT RICE

RICHARD A. LEVIN, et al.,           :

       Defendants.           :


---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANTS' JOINT MOTION TO DISMISS OR TO TRANSFER
VENUE TO THE EASTERN DIVISION (DOC. #6); CAPTIONED CAUSE
TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION, AT COLUMBUS;
TERMINATION ENTRY

---

The Plaintiff is an enrolled member of the Seneca Nation of Indians, who

operates a tobacco business on the Seneca Nation's Alleghany Indian Territory.  He

brings this action against the Ohio Tax Commissioner, Ohio Attorney General and

Chief of the Tobacco Enforcement Section in the Ohio Attorney General's office,

each in their official capacity.  The Plaintiff alleges that Ohio Revised Code

§ 2927.023, which prohibits the shipment of cigarettes to anyone other than an

"authorized recipient of tobacco products," and § 5743.71, which narrowly

defines one class of persons who are included within the definition of "authorized

recipient of tobacco products," violate the Commerce, the Indian Commerce and the Supremacy Clauses of the United States Constitution.

This case is now before the Court on the Defendants' Joint Motion to Dismiss or to Transfer Venue to the Eastern Division of this court (Doc. #6). Defendants argue that this litigation must be dismissed or transferred, because none of the Defendants resides in any of the eight counties of Ohio encompassed by the Western Division of the Southern District of Ohio, at Dayton. Therefore, Defendants' argument continues, in accordance with S.D. Ohio Civ. R. 82.1(c),[1] venue is improper in this location of court. According to the Defendants, they all reside in the City of Columbus, in Franklin County; therefore, venue is proper in the Eastern Division of the Southern District of Ohio.[2] For reasons which follow, this Court agrees.

As an initial matter, when faced with a challenge, federal courts have imposed the burden of demonstrating the propriety of venue on the plaintiff. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Prakash v. Clinton, 2010 WL 668816 (S.D.N.Y. 2010); Jetstream of Houston, Inc. v. Aqua Pro, Inc., 2010 WL 669458 (N.D.Ill. 2010); Principal Technology Engineering, Inc. v. SMI Companies, 2009 WL 4730609 (E.D.Tex. 2009); Pocahontas Supreme Coal Co. v. National Mines Corp., 90 F.R.D. 67, 69 (S.D.N.Y. 1981); 5B Wright & Miller, Federal Practice and Procedure, § 1352. Therefore,

_____

[1]Rule 82.1(c) provides:
> (c) Resident Defendant(s). An action against a defendant or defendants resident in this district shall be filed at the location of court which embraces a county in which at least one defendant resides.

[2]Under S.D. Ohio Civ. R. 82.1(b), Franklin County is within the area served by the Eastern Division for venue purposes.

herein, Plaintiff has the burden of establishing that venue has been properly laid in this court.

The Defendants, Richard Levin ("Levin"), Richard Cordray ("Cordray") and Susan Walker ("Walker"), are, respectively, the Ohio Tax Commissioner, the Ohio Attorney General and the Chief of the Tobacco Enforcement Section in the Ohio Attorney General's office.[3] Courts, including the Sixth Circuit, have recognized that public officials, such as the Defendants herein, reside where they perform their official duties. For instance, in <u>O'Neill v. Battisti</u>, 472 F.2d 789 (6th Cir. 1972), the Sixth Circuit held that, when "a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." <u>Id</u>. at 792 (internal quotation marks and citation omitted). <u>See</u> <u>also</u> <u>Bay County Democratic Party v. Land</u>, 340 F. Supp.2d 802, 808 (E.D.Mich. 2004). Plaintiff has not provided evidence demonstrating that any of the Defendants maintains his or her official residence in one of the eight counties encompassed by this location of court. On the contrary, based on the following, this Court concludes that Levin, Cordray and Walker all perform their official duties in Columbus.

Nevertheless, the Plaintiff argues that Levin and Cordray reside in the Western Division at Dayton, because they are invested with state-wide authority. For instance, Plaintiff points out that Levin, as Tax Commissioner, is responsible for making all tax assessments, valuations, findings, determinations, computations

---

[3]As indicated above, Plaintiff has sued the Defendants in their official capacities. Plaintiff named Nancy Roberts, the then Attorney General of Ohio, as a Defendant herein. The Court has substituted Cordray, who has succeeded Rogers, in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.

and orders that the Tax Department is authorized to make.  See Ohio Rev. Code § 5703.05.  In addition, § 109.02 of the Ohio Revised Code provides that the Attorney General, when required by the Governor or the General Assembly, shall appear for the State of Ohio in any court, not just courts located in Franklin County.  Moreover, the Plaintiff points out that the Ohio Revised Code does not specify where the Attorney General should locate his offices.[4]

This Court cannot agree with the Plaintiff.  In GCG Austin, Ltd. v. City of Springboro, 284 F. Supp.2d 927 (S.D.Ohio 2003), this Court addressed and rejected a similar argument in an analogous lawsuit.  Therein, the plaintiffs brought suit, challenging the constitutionality of the defendant's zoning restriction on 54 acres of land they owned in the City of Springboro ("Springboro").  The defendants moved to transfer the litigation from this Court to the Western Division at Cincinnati.  In sustaining that motion, this Court initially noted that, in accordance with Rule 82.1, while the majority of Springboro is located in Warren County, a county for which the location of court is Cincinnati, a small part of that municipality is located in Montgomery County.  Indeed, the plaintiffs' property was located in Montgomery County.  Under Rule 82.1, the location of court for Montgomery County is the Western Division at Dayton.  In GCG Austin, this Court rejected the plaintiffs' argument that venue was proper in the Western Division at Dayton, because a part of Springboro is located in Montgomery County.  On the contrary, this Court applied O'Neill, supra, to conclude that, even though Springboro performed governmental services in both Montgomery and Warren

---

[4]The Plaintiff does not argue that Walker, an employee in the office of the Attorney General, resides in one of the eight counties encompassed by the Western Division at Dayton.

Counties, its official residence was located in Warren County, the location of the seat of government. Consequently, this Court concluded that Springboro was a resident of Warren County alone.

Similarly, herein, even though Levin and Cordray have the statutory authority to perform governmental services in the eight counties encompassed by the Western Division at Dayton, it is undisputed that their offices are located in Columbus, in Franklin County. Indeed, the Defendant served those Defendants in Franklin County and has indicated on the Complaint that their offices are located in that County. Therefore, in accordance with <u>GCG Austin</u>, this Court concludes that Levin and Cordray are residents of Franklin County alone.

Without explicitly citing 28 U.S.C. § 1404(a),[5] the Defendants argue that the convenience of the parties and the witnesses and the interest of justice all favor the transfer of this litigation to Columbus. The Plaintiff disagrees. Given that this Court has concluded that this civil action must be transferred to Columbus, because venue is not proper in the Western Division at Dayton, it is not necessary to address the issue of whether this Court should be transferred to that location of court for the convenience of the parties and the witnesses and in the interest of justice.

Based upon the foregoing, the Court sustains the Defendants' Joint Motion to Dismiss or to Transfer Venue to the Eastern Division (Doc. #6), to the extent that, with that motion, they have requested that this Court transfer this litigation to

_____

[5]Section 1404(a) provides:
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Columbus. That motion is overruled to the extent that the Defendants seek dismissal of this lawsuit for improper venue.

In accordance with 28 U.S.C. § 1406(a),[6] this litigation is hereby transferred to the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.[7]

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 2, 2010

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

------------------------

[6]Section 1406(a) provides:
    (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[7]Parenthetically, Defendants' Motion to Dismiss (Doc. #16) is also pending. Although that motion is a so-called "Biden" motion for this Court, the transferee judge will not be charged with a such a motion, since he or she will start a new six-month period when this case is transferred to his or her docket. In addition, Defendants' Joint Motion to Dismiss or to Transfer Venue to the Eastern Division (Doc. #6), and their Motion to Dismiss (Doc. #16) are based upon distinct legal grounds. Rather than raising venue, Defendants' Motion to Dismiss (Doc. #16) is predicated on the alternative arguments that this Court must abstain from exercising jurisdiction over this litigation, in accordance with Younger v. Harris, 401 U.S. 37 (1971) and Burford v. Sun Oil Co., 319 U.S. 315 (1943), and that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Copies to:

Counsel of Record.